## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NATIONAL ELECTRICAL BENEFIT FUND,<br>2400 Research Boulevard, Suite 500<br>Rockville, MD  20850,<br><br>and<br><br>NATIONAL ELECTRICAL ANNUITY PLAN,<br>2400 Research Boulevard, Suite 500<br>Rockville, MD  20850,<br><br>       Plaintiffs,<br><br>       v.<br><br>MOHAWK ELECTRIC, LLC,<br>a Missouri limited liability corporation,<br>1314 Landis Road<br>Neosho, MO  64850,<br><br>       Defendant. | Civil Action No.  8:16-cv-1376 |

## COMPLAINT

1.      This is an action brought by the Trustees of two multiemployer pension plans, the National Electrical Benefit Fund (hereinafter "NEBF") and the National Electrical Annuity Plan (hereinafter "NEAP"), to collect delinquent pension contributions and related sums from Defendant Mohawk Electric, LLC, an employer obligated to contribute to the NEBF and NEAP pursuant to the provisions of the collective bargaining agreements and the NEBF and NEAP plan documents.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction of this matter pursuant to section 502(e) of the Employee Retirement Income Security Act of 1974, as amended (hereinafter "ERISA"), 29 U.S.C. § 1132(e). Plaintiffs are fiduciaries to the NEBF and NEAP and this action arises under sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), 1145.  Venue is proper because the NEBF and NEAP are administered within this district.  ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2).

2.      This Court also has jurisdiction of this matter pursuant to Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185, as this is an action for a violation of a collective bargaining agreement between an employer and a labor organization.

## PARTIES

3.      NEBF is a multiemployer employee pension benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2), that has been established pursuant to an agreement entered into between the International Brotherhood of Electrical Workers ("IBEW") and the National Electrical Contractors Association ("NECA").  NEBF is a defined benefit plan pursuant to Article 3(35) of ERISA, 29 U.S.C. § 1002(35).  The address of the NEBF is 2400 Research Boulevard, Suite 500, Rockville, Maryland 20850-3238.

4.      NEAP is a multiemployer employee benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2), that has been established pursuant to an agreement entered into between the IBEW and NECA.  NEAP is a defined contribution plan pursuant to Article 3(34) of ERISA, 29 U.S.C. § 1002(34).  The address of NEAP is 2400 Research Boulevard, Suite 500, Rockville, Maryland, 20850-3238.

5.      Employers agree to participate in NEBF and NEAP pursuant to collective bargaining agreements with the IBEW or one of its affiliated local unions.

6.      Defendant is an employer engaged in an industry affecting commerce, is contractually and legally obligated to submit contributions to the NEBF and NEAP, and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).  Upon information and belief, Defendant is a Missouri limited liability company whose main place of business is 1314 Landis Road, Neosho, MO 64850.


## STATEMENT OF CLAIM

### Allegations Common to Claims by NEBF and NEAP

7.      Defendant is a signatory, and has been a signatory continuously during all relevant periods, to one or more collective bargaining agreements (the "Collective Bargaining Agreements") with IBEW Local Unions 53, 55, 196, and 222, as the collective bargaining representative of its employees.  Pursuant to the Collective Bargaining Agreements, Defendant is obligated to submit contributions to NEBF and NEAP on behalf of its employees covered by the Collective Bargaining Agreements for all relevant periods.

8.      Section 515 of ERISA requires an employer to make contributions to a multiemployer plan in accordance with its obligations under a collectively bargained agreement and the plan documents.  29 U.S.C. § 1145.

9.      Section 502(a)(3) of ERISA provides that a fiduciary may enforce the provisions of ERISA and the terms of the plan through a civil action.  29 U.S.C. § 1132(a)(3).

10.     Section 502(g)(2) of ERISA provides that a fiduciary of a multiemployer plan, bringing suit to recover delinquencies under Section 515, shall recover in addition to the unpaid

contributions, interest thereupon, liquidated damages, attorney's fees and costs, and other appropriate legal and equitable relief.  29 U.S.C. § 1132(g)(2).

## NEBF's Claims

11.     Defendant, pursuant to the Collective Bargaining Agreements, has been and is also bound to all terms and conditions of the Restated Employees Benefit Agreement and Trust for the National Electrical Benefit Fund (the "NEBF Trust Agreement"), which has governed the administration of NEBF at all times relevant to this action.

12.     The NEBF Trust Agreement authorizes the Trustees to take all necessary actions to recover delinquent contributions.  In addition, it authorizes the Trustees to recover interest on the delinquent contributions at a rate of ten percent (10%) per annum, liquidated damages in an amount equal to twenty percent (20%) of the delinquency, and all costs and attorneys' fees incurred in collecting the delinquency.

13.     Notwithstanding its obligations pursuant to the Collective Bargaining Agreements and the NEBF Trust Agreement, Defendant failed to make all of its required contributions to the NEBF on behalf of the employees covered by the Collective Bargaining Agreements.

14.     According to NEBF records and payroll reports prepared by Defendant, Defendant failed to pay the NEBF at least $8,247.18 in contributions for the period April 2015 through December 2015 (the "NEBF Delinquent Contributions").

15.     Interest on the NEBF Delinquent Contributions and other late paid contributions through the date hereof is equal to $910.92.

16.     Liquidated damages on the NEBF Delinquent Contributions and other late paid contributions is equal to $2,242.56.

4

17.     Despite Defendant's breaches of its obligations, the Trustees to the NEBF will be required to provide benefits to NEBF participants employed by Defendant, upon their retirement, based on their years of credited service, which would include that period during which Defendant failed to contribute.  This could result in a reduction of the corpus of the trust, thereby endangering the rights and benefits of other participants and beneficiaries on whose behalf contributions have been properly made.

18.     The NEBF's Trustees are authorized by the NEBF Trust Agreement and by ERISA to recover interest on delinquent contributions at a rate of ten percent (10%) per annum, liquidated damages in an amount equal to twenty percent (20%) of the delinquency, and all costs, including attorney's fees and expenses and audit costs, incurred in collecting the delinquency.

19.     NEBF has incurred attorneys' fees and costs in connection with its attempts to collect the NEBF Delinquent Contributions.


**NEAP's Claims**

20.     Defendant, pursuant to some but not all of the Collective Bargaining Agreements, has been and is also bound to all terms and conditions of the Agreement and Trust for the National Electrical Annuity Plan (the "NEAP Trust Agreement"), which have governed the administration of NEAP at all times relevant to this action.

21.     The NEAP Trust Agreement authorizes the Trustees to take all actions to recover delinquent contributions.  In addition, it authorizes the Trustees to recover interest on the delinquent contributions at a rate of ten percent (10%) per annum, liquidated damages in an amount equal to twenty percent (20%) of the delinquency, and all costs, including attorneys' fees and costs, and audit expenses, incurred in collecting the delinquency.

5

22.     Notwithstanding its obligations pursuant to the Collective Bargaining Agreements and the NEAP Trust Agreement, Defendant failed to make all of its required contributions to NEAP on behalf of the employees covered by the Collective Bargaining Agreements.

23.     According to NEAP records and payroll reports prepared by Defendant, Defendant failed to pay the NEAP at least $59,043.96 in contributions for the period April 2015 through December 2015 (the "NEAP Delinquent Contributions").

24.     Interest on the NEAP Delinquent Contributions and other late paid contributions through the date hereof is equal to $6,829.97.

25.     Liquidated damages on the NEAP Delinquent Contributions and other late paid contributions is equal to $16,751.46.

26.     Despite Defendant's breaches of its obligations, the Trustees of NEAP may be required to provide benefits to NEAP participants employed by Defendant, upon their retirement, based on the total amount of their individual accounts, which would include contributions which Defendant was required, but failed, to contribute.

27.     NEAP has incurred attorneys' fees and costs in connection with its attempts to collect the NEAP Delinquent Contributions.


**PRAYERS FOR RELIEF**

WHEREFORE, Plaintiff NEBF prays for judgment in its favor, and that the Court's judgment include:

(a)     NEBF Delinquent Contributions in the amount of **$8,247.18** for the payroll period April 2015 through December 2015;

(b)     **$910.92** in interest, calculated at the rate of 10% per annum, plus any additional interest that accrues until the time that all contributions are paid,

plus any additional interest that accrues until the time that such NEBF Delinquent Contributions are paid;

(c)  liquidated damages in the amount of **$2,242.56**;

(d)  reasonable attorneys' fees and costs incurred by NEBF in connection with this action, plus all other reasonable attorneys' fees and costs incurred in connection with the enforcement of any judgment awarded in this action; and

(e)  any other such legal and/or equitable relief that the Court deems appropriate.

WHEREFORE, Plaintiff NEAP prays for judgment in its favor, and that the Court's judgment include:

(a)  NEAP Delinquent Contributions in the amount of at least **$59,043.96** for the payroll period April 2015 through December 2015;

(b)  **$6,829.97** in interest, calculated at the rate of 10% per annum, plus any additional interest that accrues until the time that all contributions are paid;

(c)  liquidated damages in the amount of **$16,751.46**;

(d)  reasonable attorneys' fees and costs incurred by NEAP in connection with this action, plus all other reasonable attorneys' fees and costs incurred in connection with the enforcement of any judgment awarded in this action; and

(f)  any other such legal and/or equitable relief that the Court deems appropriate.

Dated:  May 9, 2016

*/s/ Jennifer Bush Hawkins*
Jennifer Bush Hawkins (013064)
**POTTS-DUPRE, HAWKINS & KRAMER, CHTD.**
900 Seventh Street, N.W., Suite 102
Washington, D.C. 20001
(202) 223-0888
jhawkins@phk-law.com

*Attorneys for Plaintiffs*
*National Electrical Benefit Fund and*
*National Electrical Annuity Plan*